IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| RODNEY L. BURR | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-810-GMS |
| | ) | |
| JOSEPH R. BIDEN, III, in his Official Capacity as Attorney General of the State of Delaware | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| TRINIDAD NAVARRO, in his Official Capacity as New Castle County Sheriff | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I.  INTRODUCTION

Presently before the court are defendants' motions to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II.  BACKGROUND

On September 11, 2011, Rodney L. Burr ("plaintiff"), a resident of Elkton, Maryland, was stopped by Officer T. Wiant of the New Castle County Police Department. (D.I. 10-1.) He was issued a Uniform Traffic Complaint and Summons or citation for failure to wear a seatbelt, in violation of 21 Del.C. § 4802(a)(1) (the "seatbelt statute"). (D.I. 14 at ¶ 1.) Failure to wear a seatbelt is a "civil violation," "carr[ying] no criminal penalt[ies] . . . or [affecting] motor vehicle records." (D.I. 10-1; D.I. 17 at ¶ 6.)

The violation carried a fine of $68.50. *Delaware v. Burr*, C.A. No. 11–913–GMS, 2012 WL 113012, at *1 (D. Del. Jan. 12, 2012). Plaintiff dislikes wearing a seatbelt, and this was his second citation for this violation. (*See* D.I. 2 at ¶¶ 11-12.)

Plaintiff was required to pay the fine within a month of receiving the ticket. (*Id.*) Instead, five days before payment was due, he removed his traffic case from the Delaware Justice of the Peace Court to this court pursuant to 28 U.S.C. §§ 1331, 1441(b), and 1443(1). (*Id.*; D.I. 14 at ¶ 2.) The day after removal, plaintiff filed a petition with this court alleging the seatbelt statute violated his "civil rights and rights under the Fourteenth Amendment" and was thus unconstitutional. *Burr*, 2012 WL 113012, at *1. On January 12, 2012, the court remanded plaintiff's traffic case back to the Justice of the Peace Court, but permitted him to amend his petition if he wished to file a civil action. *Id.*

On May 20, 2013, plaintiff filed a Restated Complaint ("complaint") against Joseph R. Biden, III, the Attorney General of Delaware ("Biden"), and Trinidad Navarro, the Sheriff of New Castle County ("Navarro") (collectively "defendants") alleging the seatbelt statute violates the Fourth, Fifth, Ninth, and Fourteenth Amendments. (D.I. 2 at ¶¶ 13-14, 60-63.) That same day, he clarified his contention, stating the seatbelt statute "violates the substantive due process protections of the Fourteenth Amendment . . . as reflected . . . in *Lawrence v. Texas*." (D.I. 6 at 1.) Plaintiff seeks declaratory and injunctive relief under 42 U.S.C. § 1983.[1] (D.I. 2 at ¶ 62; D.I. 2 at 20.) On June 12,

---

[1] This statute states, in pertinent part, "[e]very person who, under color of any statute . . . of any State . . . subjects . . . any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

2

2013, defendants moved to dismiss.[2] (D.I. 10; D.I. 13.)

## III. PARTIES' CONTENTIONS

### A.  Defendants' Contentions

Navarro maintains he is an improper party, as he has no authority to enforce traffic laws. (D.I. 10.) He claims plaintiff erred in stating he, as Sheriff of New Castle County, is "responsible for executing and administering the laws of the State of Delaware, including [the seatbelt statute]." (*Id.* at ¶¶ 6-14; D.I. 2 at ¶ 14.) Navarro explains the New Castle County Police Department, not the Sheriff's Office, is responsible for enforcing traffic laws.[3] (D.I. 10 at ¶¶ 6-7, 11 & n.5.) He further contends he has never personally enforced any traffic laws in his position as Sheriff. (*Id.* at ¶¶ 8-10.) Finally, he explains the Sheriff's Office is not a law enforcement agency.[4] (*Id.* at ¶¶ 12-13.)

Biden contends plaintiff's constitutional argument involving the seatbelt statute fails to state a claim pursuant to FED. R. CIV. P. 12(b)(6). (D.I. 14 at ¶¶ 6-7.) Specifically, he claims plaintiff's application of the strict scrutiny test is "without merit[,] and that his reliance on *Lawrence* is misplaced." (*Id.*) He explains the Supreme Court

---

42 U.S.C. § 1983. Plaintiff claims defendants are "responsible for executing and administering the laws of the State of Delaware, including [the seatbelt statute]." (D.I. 2 at ¶¶ 13-14.)

[2] The two defendants filed separate motions to dismiss. (D.I. 10; D.I. 13.) Navarro's motion alleges he is an improper party to the case, while Biden's motion contends plaintiff failed to state a claim under FED. R. CIV. P. 12(b)(6). (*Id.*)

[3] The New Castle County Police Department has the authority to "enforce traffic regulations." 9 Del.C. § 1332(a)(2). Plaintiff's ticket was issued by the New Castle County Police Department. (D.I. 10-1.)

[4] Sheriffs "have [no] arrest authority." 10 Del.C. § 2103. Their duties include serving subpoenas and "[selling] property under execution process[.]" 10 Del.C. §§ 2105-06.

3

in *Lawrence* did not establish the application of the strict scrutiny test for a vague right to privacy, and the Court applied the less-strict rational basis test. (*Id.* at ¶¶ 6, 8-10.) He also claims the statute involved in *Lawrence* was substantially different from the seatbelt statute,[5] and would fail under the application of the rational basis test, as it furthered no legitimate public interest. (*Id.* at ¶¶ 9-10.) The seatbelt statute, however, easily meets the requirements of the rational basis test, since it furthers multiple legitimate public interests. (*Id.* at ¶ 10.) Lastly, he states the passage of the seatbelt statute in response to the Federal Highway Safety Act of 1966 has no effect on the statute's constitutional validity. (*Id.* at ¶ 11.)

Biden further claims plaintiff's suit is barred by both the Eleventh Amendment and the sovereign immunity provision of the Delaware Constitution. (*Id.* at ¶ 12.) He contends the Eleventh Amendment "bars a suit against state officials when the state is the real, substantial party in interest." (*Id.*) (internal quotation marks omitted). A "state official sued in his official capacity" cannot be sued under § 1983. (*Id.*) To be sued under § 1983, a defendant must have been personally involved in the underlying action. (*Id.*) The sovereign immunity provision of the Delaware Constitution "reinforces the effect of the Eleventh Amendment," and plaintiff failed to demonstrate waiver of that immunity. (*Id.*)

## B. Plaintiff's Contentions

Plaintiff does not contest Navarro's motion to dismiss. (D.I. 15.) Rather, he acknowledges his error in naming Navarro as a defendant, stating "in view of new

---

[5] The statute in *Lawrence* criminalized certain kinds of private, consensual sexual conduct between people of the same sex. (*Id.* at ¶ 10.)

4

information which has come to light, and authorities raised . . . , [I have] no objection to . . . Navarro's Motion to Dismiss." (*Id.*)

As to Biden's motion to dismiss, plaintiff argues his claims are sufficient under Rule 12(b)(6). (D.I. 16 at ¶¶ 19-21.) He reiterates his contention that the Supreme Court applied the strict scrutiny test in *Lawrence*, and that is the proper standard of review for the right to privacy established in *Lawrence*. (*Id.* at ¶¶ 22-46.) More precisely, he asserts the right to privacy laid out in *Lawrence* is a fundamental right, and all fundamental rights are subject to strict scrutiny. (*Id.* at ¶¶ 22-24, 35, 37, 44.) Plaintiff argues that whether the seatbelt statute would satisfy the rational basis test is irrelevant. (*Id.* at ¶¶ 51-54.) He also maintains that the fact that the seatbelt statute was passed in response to the Federal Highway Safety Act of 1966 is irrelevant.[6] (*Id.* at ¶¶ 55-56.)

Plaintiff rejects Biden's argument that there are significant differences between the statute in *Lawrence* and the seatbelt statute. (*Id.* at ¶¶ 47-50.) He alleges both statutes "address . . . activity conducted in a private setting," and the finding in *Lawrence* that "there are other spheres . . . outside of the home, where the State should not be a dominant presence" applies to required seatbelt use. (*See id.* at ¶¶ 49-50.)

Finally, plaintiff contends Biden is not fully protected by sovereign immunity

---

[6] Plaintiff challenges the constitutionality of state legislation passed under "financial coercion" from the federal government. (*Id.* at ¶¶ 55-56.) This argument is inapposite to the issues raised in Biden's motion, a fact plaintiff himself acknowledges. (*Id.* at ¶ 55.) Also beside the point is plaintiff's assertion that "statutory law is *presumed* to be more important than constitutionally guaranteed liberty rights." (*Id.* at 57-58) (emphasis in original).

5

because injunctive relief may be sought. (*Id.* at ¶¶ 59-64.) He claims Biden's assertion that he had no personal involvement in plaintiff's traffic case is irrelevant. (*Id.* at ¶¶ 63-64.)

## IV. STANDARD OF REVIEW

The court must accept all factual allegations in a complaint as true and consider them in the light most favorable to a *pro se* plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

FED. R. CIV. P. 12(b)(6) governs a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. Rule 12(b)(6) tests the sufficiency of the complaint, and does not resolve disputed facts or decide the merits of the case. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). "The issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal quotations and citations omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (stating "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder.").

## V. DISCUSSION

### A. Navarro's Motion to Dismiss

Since plaintiff does not oppose Navarro's motion to dismiss, his § 1983 action against Navarro is dismissed.

### B. Biden's Motion to Dismiss

Biden contends plaintiff misinterprets the Supreme Court's holding in *Lawrence*, because the "somewhat nebulous right to privacy" established in *Lawrence* is not subject to the strict scrutiny test, but rather the rational basis test. (D.I. 14 at ¶¶ 6-8.)

In *Lawrence*, police lawfully entered an apartment in response to a reported weapons disturbance and found two adult men engaging in private, consensual sexual conduct. *Lawrence v. Texas*, 539 U.S. 558, 562-64 (2003). A Texas anti-sodomy statute made such conduct a crime between members of the same sex. *Id.* at 563. As a result, the men were arrested and subsequently convicted. *Id.* The Supreme Court held the statute violated the Due Process Clause of the Fourteenth Amendment, and overruled the earlier case of *Bowers v. Hardwick*, where a Georgia anti-sodomy statute[7] was upheld after being challenged on due process grounds. *Id.* at 578-79; *Bowers v. Hardwick*, 478 U.S. 186, 195-96 (1986).

In *Lawrence*, the Court discussed a line of cases, beginning with *Griswold v. Connecticut*,[8] involving the right to privacy in an intimate context. *Lawrence*, 559 U.S. at 564-66. Those cases established the rights to contraception and abortion as fundamental rights. *Id.* The Court listed other fundamental rights including "marriage, .

---

[7] Unlike the Texas statute, the Georgia statute also applied to heterosexuals. Compare *Lawrence*, 558 U.S. at 563 *with Bowers*, 478 U.S. at 187-88 n.1.
[8] 381 U.S. 479, 485-86 (1965).

7

. . family relationships, child rearing, and education." *Id.* at 573-74 (citing *Planned Parenthood of Se. Pa. v. Casey*, 505 U.S. 833, 851 (1992)). In overruling *Bowers* and holding the *Lawrence* statute unconstitutional under the Due Process Clause of the Fourteenth Amendment, the Court found "[t]he Texas statute furthers no legitimate state interest which can justify its intrusion into the personal and private life of the individual." *Id.* at 578-79.

The Court began its opinion in *Lawrence*, however, with a statement appearing to address more than just sodomy or activities conducted in the home,

> Liberty protects the person from unwarranted government intrusions into a dwelling or other private places. In our tradition the State is not omnipresent in the home. And there are other spheres of our lives and existence, outside the home, where the State should not be a dominant presence. Freedom extends beyond spatial bounds. Liberty presumes an autonomy of self that includes freedom of thought, belief, expression, and certain intimate conduct.

*Id.* at 562. Subsequent cases, however, demonstrate *Lawrence* did not create a general right to privacy.[9]

Importantly, the Court never states the right to privacy described in *Lawrence* is a fundamental right. *Lawrence*, 539 U.S. at 562-79. While *Bowers* rejected the notion

---

[9] The Supreme Court has not addressed this broad language in *Lawrence* in subsequent majority opinions. The Court has, however, discussed the specific holding in *Lawrence* that "[p]rivate, consensual sexual intimacy between two adult persons of the same sex may not be punished by the State" within the context of gay rights. *United States v. Windsor*, 133 S. Ct. 2675, 2692-94 (2013) (citations omitted). The Third Circuit has not recognized the broad comment in *Lawrence* concerning the right of privacy in a number of situations, including online gambling, prayer at public school athletic events, and distribution of obscene materials. *See Interactive Media Entm't and Gaming Ass'n Inc. v. Attorney Gen. of U.S.*, 580 F.3d 113, 118 (3d Cir. 2009); *Borden v. Sch. Dist. of Twp. of E. Brunswick*, 523 F.3d 153, 173-74 (3d Cir. 2008); *United States v. Extreme Assocs., Inc.*, 431 F.3d 150, 151, 161 (3d Cir. 2005).

8

that "the Federal Constitution confers a fundamental right upon homosexuals to engage in sodomy," the *Lawrence* court only addressed the term "fundamental right" when discussing *Bowers*. *Id.* at 558, 566-67 (quoting *Bowers*, 478 U.S. at 190). Nor does the Court use the term "strict scrutiny" or any language implying strict scrutiny, such as "compelling state interest" or "least restrictive means" in the *Lawrence* opinion. *Id.* at 562-79; *see, e.g.*, *McCullen v. Coakley*, 134 S. Ct. 2518, 2530 (2014). Strict scrutiny is only appropriate when the right involved is fundamental. *See Donatelli v. Mitchell*, 2 F.3d 508, 514 (3d Cir. 1993).

*Lawrence* only determined that the anti-sodomy statute "furthers no *legitimate state interest* which can justify its intrusion into the personal and private life of the individual." *Lawrence*, 539 U.S. at 578 (emphasis added). Such language is consistent with the rational basis test. *See, e.g.*, *Sammon v. N.J. Bd. of Med. Exam'rs*, 66 F.3d 639, 645 (3d Cir. 1995). In applying that standard, "a law comports with substantive due process . . . [if it] is rationally related to a legitimate state interest." *Id.* (citations omitted). Under the rational basis analysis, significant deference to the legislature's decision-making and assumptions is afforded. *Am. Express Travel Related Servs., Inc. v. Sidamon-Eristoff*, 669 F.3d 359, 366 (3d Cir. 2012) (internal citations and quotation marks omitted). Finally, "a court engaging in rational basis review is not entitled to second guess the legislature on the . . . policy considerations underlying the statute." *Sammon*, 66 F.3d at 645.

Here, plaintiff fails to state a claim, as the seatbelt statute is not subject to the strict scrutiny analysis, but the rational basis test under *Lawrence*, and withstands a

substantive due process challenge if the state identifies a legitimate state interest that the legislature rationally could conclude was served by the statute." *Sammon*, 66 F.3d at 645.

Biden identifies multiple legitimate state interests furthered by the seatbelt statute, including improving road and highway safety, reducing accidental deaths and serious injuries, reducing health care and other related expenses from vehicular accidents, and reducing automobile insurance rates for the citizenry of Delaware. (D.I. 14 at ¶ 10.) The legislature could have rationally concluded such legitimate state interests were advanced by the seatbelt statute. "It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it." *Sammon*, 66 F.3d at 645 (internal citations and quotation marks omitted). Legislation satisfies the rational basis test unless it "could not reasonably be conceived as serving" its intended purpose. *See id.* at 645-46 (internal citations and quotation marks omitted). In the instant matter, the seatbelt statute serves its intended purposes. Under the rational basis test, therefore, the seatbelt statute does not violate plaintiff's substantive due process rights, and his § 1983 claim against Biden is dismissed.[10]

Because the court concludes the seatbelt statute does not violate plaintiff's constitutional rights, it is unnecessary to address Biden's arguments regarding the Eleventh Amendment and sovereign immunity.

---

[10] A § 1983 claim requires a defendant to have deprived a plaintiff of "rights . . . secured by the Constitution." 42 U.S.C. § 1983. In the present matter, Biden did not deprive plaintiff of any constitutional rights.

## VI.  CONCLUSION

For the reasons contained herein, the court grants defendants' motions to dismiss.

Dated August __1__, 2014

_____
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RODNEY L. BURR )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOSEPH R. BIDEN, III, in his Official )<br>Capacity as Attorney General of the )<br>State of Delaware )<br>)<br>and )<br>)<br>TRINIDAD NAVARRO, in his Official )<br>Capacity as New Castle County )<br>Sheriff )<br>)<br>Defendants. ) | Civil Action No. 13-810-GMS |

## **JUDGMENT ORDER**

For reasons set forth in the Memorandum issued on this date,

IT IS HEREBY ORDERED this _1st_ day of August, 2014, that defendants' motions to dismiss (D.I. 10; D.I. 13) are GRANTED.

_____
UNITED STATES DISTRICT JUDGE

12